## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| JAMAL BRITT<br><br>                          Plaintiff,<br><br>v.<br><br>CHANDLER DURHAM p/k/a TURBO a/ka/ TURBO THE GREAT, WARNER-CHAPPELL MUSIC, INC., QUALITY CONTROL, MOTOWN RECORD COMPANY, CAPITAL RECORDS, YOUNG STONER LIFE RECORDS, LLC, 300 ENTERTAINMENT, LLC, UNIVERSAL MUSIC GROUP, CHRIS BROWN ENTERTAINMENT, RCA RECORDS, YOUNG MONTY RECORDS, LLC, CASH MONEY REORDS, LLC, UNIVERSAL REPUBLIC and DOES 1-50.<br>                      Defendants. | **CASE NO.**<br><br>**COMPLAINT FOR:**<br>   1.  **Declaratory Relief**<br>   2.  **An Accounting**<br>   3.  **Copyright Infringement**<br>   4.  **Vicarious Infringement**<br>   5.  **False Designation of Origin**<br>   6.  **Misrepresentation of Fact**<br>   7.  **Unjust Enrichment**<br>   8.  **Right of Publicity Infringement**<br><br>**JURY TRIAL DEMANDED** |

1.     This Court has subject matter jurisdiction under 28 U.S.C § 1331 as this action arises under the original and exclusive jurisdiction of the Federal Court and 28 U.S.C § 1338(a) as the controversy arises under the Copyright Act of 1976 (17 U.S.C §§ 101 et seq.) and the Lanham Act, 15 U.S.C. §1125(a). This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. §1367(a).

2.      This Court has personal jurisdiction over Defendants as discussed fully

herein.

3.      This Court has general personal jurisdiction over CHANDLER DURHAM

p/ka TURBO a/k/a TURBO THE GREAT (hereinafter, "Turbo") because, upon

information and belief, he is a resident of the State of Georgia and this Judicial

District, residing at 7950 Innsbruck Dr. Atlanta, GA 30350, owns property in this

Judicial District, and has other substantial contacts within the State of Georgia and

with this Judicial District specifically.

4.      This Court has specific personal jurisdiction over Turbo because this suit

arises out of and/or relates to his contacts in the State of Georgia and this Judicial

District. Turbo is credited as an author and/or as a performance artist per the

United States Copyright Registration for multiple musical compositions; by which,

upon information and belief, Turbo wrote or co-wrote in whole or in part in the

State of Georgia. Upon information and belief, the sound recordings of the related

musical compositions alleged as "Infringing Works" in this action, were recorded

in whole or in part in this Judicial District.

5.      Additionally, this Court has specific personal jurisdiction over Turbo

because, upon information and belief, Turbo has licensed and/or authorized the

licensing, distribution, and sale of the Infringing Works to residents of Georgia and

to Georgia companies, including within this Judicial District, and has directly

advertised or authorized others to advertise the Infringing Works through Georgia companies and to Georgia residents and for same has generated substantial revenues from performing the Infringing Works in the State of Georgia and this Judicial District.

6.     Upon information and belief, Turbo has licensed and/or transferred publishing and copyright ownership to Defendant Warner-Chappell Music, Inc., (hereinafter "Warner"). Warner is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1633 Broadway New York, NY 10019. Warner can be served through its registered agent, The Corporation Trust Company, located at 1209 Orange Street Wilmington, Delaware.

7.     This Court has specific personal jurisdiction over Defendant Warner because its suit-related conduct creates a substantial connection with the State of Georgia. Warner is a copyright claimant of the Infringing Works. Upon information and belief, the Infringing Works are published by Warner, among others, and Warner has generated substantial revenue from exploitation of the Infringing Works and Infringing Sound Recordings in Georgia.

8.     Defendant Quality Control Music, LLC is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business at 541 Tenth St. NW Ste. 365, Atlanta, Georgia 30318.

Defendant Quality Control Music can be served through its registered agent Quality Control Music - Black Fugee LLC at 541 Tenth St. NW Ste. 365, Atlanta, Georgia, 30318.

9.    Defendant Motown Record Company, LP c/o Universal Music Group is a company organized and existing under the laws of the State of Delaware, with its principal place of business at 2220 Colorado Ave., Santa Monica, California 90404. Defendant Motown Record Company, LP can be served through its registered agent The Corporation Trust Company, located at 1209 Orange St., Wilmington, Delaware 19801.

10.    Defendant Capitol Records, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 2220 Colorado Ave., Santa Monica, CA.90404. Defendant Capitol Records, LLC can be served through its registered agent The Corporation Trust Company, located at 1209 Orange St., Wilmington, Delaware 19801.

11.    Defendant Young Stoner Life Records, LLC is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business at 10960 Wilshire Blvd., 5th Fl. Los Angeles, California 90024. Defendant Young Stoner Life can be served through its registered agent Resident Agent, Inc., located at 900 Old Roswell Lakes Pkwy., Ste. 310, Roswell, Georgia 30076.

12.     Defendant Chris Brown Entertainment, LLC is a limited liability company organized and existing under the laws of the State of Delaware. Defendant can be served through its registered agent EResidentAgent, Inc., located at 1013 Centre Rd. Suite 403S Wilmington, Delaware 19805.

13.     Defendant RCA Records, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 25 Madison Ave. New York, New York 10010.  Defendant RCA Records, Inc.  can be served through its registered agent CT Corporation System, located at 1633 Broadway New York, NY, 10019.

14.     Defendant 300 Entertainment, LLC is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 450 W 14th St, New York, NY 10014.  Defendant 300 Entertainment, LLC can be served through its registered agent, Theory Entertainment, LLC located at 112 Madison Ave, 4th Floor, New York, NY, 10016.

15.     Defendant Young Money Entertainment, LLC is a limited liability company and existing under the laws of the State of Florida, with its principal place of business at 1125 NE 125th St STE 302, North Miami, FL 33161-5014. Defendant Young Money Entertainment, LLC can be served through its registered agent, David M. Goldstein, at 633 S. Andrews 500, Fort Lauderdale, FL 33301.

16.    Defendant Cash Money Records, Inc. is a corporation existing under the laws of the State of Florida, with its principal place of business at 1755 NE 149th St, Miami, FL 33181. Defendant Cash Money Records, Inc. can be served through its registered agent, Jovanni Garofolo, located at 15334 W Dixie Hwy, North Miami Beach, FL 33162.

17.    Defendant Universal Republic c/o Universal Music Group is a company organized and existing under the laws of the State of Delaware, with its principal place of business at 2220 Colorado Ave., Santa Monica, California 90404. Defendant Motown Record Company, LP can be served through its registered agent The Corporation Trust Company at 1209 Orange St., Wilmington, Delaware 19801.

18.    The true names and capacities, whether individual, corporate, associate or otherwise of other Defendants sued herein as Does 1 through 50, inclusive, are unknown to Plaintiff at the present time, and Plaintiff therefore will sue such Doe Defendants, and each of them, by such fictitious names. If necessary, Plaintiff will seek leave of court to amend this Complaint to allege the true names and capacities of each Doe Defendant when such are ascertained.

19.    Plaintiff is informed and believes and on that basis alleges that each of Does 1 through 50, inclusive, participated in the activities described herein and rendered material assistance to the Defendants in the actions and statements herein alleged

or, in the alternative, were through their or any of their acts or omissions a proximate cause of and/or substantial factor in the loss and damage suffered or sustained by Plaintiff as herein alleged. Plaintiff is further informed and believes, and on that basis allege that certain Defendants aided and abetted one or more of the other Defendants or otherwise were a proximate cause or substantial factor in the loss or damage suffered and sustained by Plaintiff as herein alleged, in additional ways which are unknown to Plaintiff at this time.

20.    Plaintiff is informed and believes, and on that basis alleges that at all relevant times each of the Defendants were the "alter ego," principal or agent, partner, independent contractor, servant and/or employee or aider and abettor of at least one other of the Defendants, and all of acts performed by them or omissions alleged herein were made in the scope and course of their engagement, employment, agency, partnership or other such relationship, and with the knowledge, consent, approval and/or ratification of the principals, and each of them.

21.    All Corporate Defendants, including Does 1 through 50, hereinabove shall be collectively referred to as "Corporate Defendants".

22.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(a), as the Defendants either reside or conduct business within this

district, and a substantial part of the events giving rise to the claim involved in this

action occurred within this District.

## **INTRODUCTION**

23.    Jamal Britt (hereinafter, "Britt" or "Plaintiff") and Turbo are the authors of

an original sound recording created in July 2017 entitled "Afghanistan" (See Audio

of Original Work attached hereto as **Exhibit 1**).

24.    The Original Work has been registered with the U.S. Copyright Office as of

May 30, 2023, Registration No. SRu 1-544-194 (See Copyright Registration

attached hereto as **Exhibit 2**).

25.    Chandler Durham is a music recording producer who has since written or

co-written approximately one hundred published music productions.

26.    The Original Work included the lyrics and music, "Run that Back Turbo",

vocalized by Plaintiff which has been used by Turbo in at least half of his musical

productions.

27.    None of Turbo's productions give credit to Plaintiff and Plaintiff has not

received any compensation for his contribution to Turbo's songs to-date.

28.     Turbo has unequivocally used an extrapolation of the Original Work and

appropriated it as his own in nearly all of his productions.

29.     Plaintiff has not signed any agreement with Turbo, any of the Corporate Defendants or other individual or entity to transfer or otherwise waive any copyright interests or exclusive rights he has in the Original Work.

30.     Upon information and belief, Turbo transferred, licensed and/or entered into exclusive producer agreements and songwriter/co-publishing agreements, and in doing so granted publishers, distributors, record labels, and other entities permission to use the Original Work.

31.     Turbo failed to obtain Plaintiff's consent to exclusively transfer or otherwise license any copyright interests in the Original Work including Plaintiff's voice.

32.     Upon information and belief, Turbo received monetary compensation for transferring, licensing, or entering into exclusive producer agreements and/or songwriter/co-publishing agreements for the exploitation of the Original Work.

33.     Defendants' willful infringement of the Original Work has harmed Plaintiff because Plaintiff was never given notice that his voice was being used, never properly credited for his contributions to the songs in question and was never compensated from any of the royalty payments, profits, or other income garnered from the exploitation of his recorded voice in over 80 popular songs.

## STATEMENT OF FACTS

34.    Britt is a musical Recording Artist, Songwriter and Entertainer who records out of his home studio and other local studios in Georgia. Plaintiff is the legal owner of the registered copyright in the Original Work, "Afghanistan," as mentioned hereinabove.

35.    On or about July 2017, Britt created and wrote the original lyrics and musical elements of Afghanistan. Turbo created the musical track and/or "beat" of Afghanistan. During the recording session, Britt vocalized and rapped the lyrics "Run That Back Turbo" as an introduction to Afghanistan. Turbo also acted as the engineer during the recording session.

36.    Turbo entered into a co-publishing agreement with Warner, who publishes, exploits and administers his productions.

37.    Turbo is a writer, performer and producer who has risen to critical success using the snippet of Britt's originally created "Run That Back Turbo" in nearly all of his productions.

38.    Defendants and Corporate Defendants have produced more than fifty songs that used an extrapolation of Plaintiff's Original Work as an artistic element and an identifying tagline that marks the recording as a track produced by Turbo, (herein referred to as "Infringing Works").

39.    Defendants exclusively licensed the Infringing Works to third parties for reproduction and distribution (hereinafter referred to as "The Infringing Sound Recording(s)").

40.    Defendants exclusively licensed the Infringing Works to third parties who commercially released various cover recordings and remix versions of the Infringing Works (hereinafter referred to as "The Infringing Remixes"). The remix cover recordings and remix versions also infringe upon the Original Work because its qualitative and quantitative similarities are the same as the Infringing Work.

### **"DRIP TOO HARD"**

41.    "Drip Too Hard" is a song by American rappers Lil Baby and Gunna, released by YSL Records, Quality Control Music, Motown and Capitol Records on September 12, 2018, as the lead single from their collaborative album Drip Harder. It peaked at number four on the US Billboard Hot 100, becoming the highest-charting song for Gunna and the third highest-charting song for Lil Baby. The song was nominated for a Grammy at the 2020 Grammy Awards for Best Rap/Sung Performance. On September 12, 2022, the song was certified RIAA Diamond selling over 10 million copies, giving them both their first Diamond certification.

42.    Turbo used an extrapolation of Plaintiff's Original Work in "Drip Too Hard" as an artistic element and an identifying tagline that marks the recording as a track

produced by Defendant. (See Audio of "Drip Too Hard" attached hereto as **Exhibit 3**).

43.    Because "Drip Too Hard" includes Plaintiff's Original Work without his authorization, any assignment, transfer, or licensure of the song constitutes an infringement of Plaintiff's copyright and right of publicity.

### "NEVER RECOVER"

44.    "Never Recover" is a song by American rappers Lil Baby and Gunna with Canadian rapper Drake. The track was released by YSL Records, Quality Control Music, Motown and Capitol Records on October 5, 2018. The song was certified RIAA 2x Platinum selling over 2 million copies.

45.    Turbo used an extrapolation of Plaintiff's Original Work in "Never Recover" as an artistic element and an identifying tagline that marks the recording as a track produced by Defendant. (See Audio of "Never Recover" attached hereto as **Exhibit 4**).

46.    Because "Never Recover" includes Plaintiff's Original Work without his authorization, any assignment, transfer, or licensure of the song constitutes an infringement of Plaintiff's copyright and right of publicity.

**"ONE CALL"**

47.     "One Call" is a song by American rapper Gunna, released by YSL and 300

Entertainment on February 1, 2019, as the lead single from his debut studio album,

Drip or Drown 2. The song was certified RIAA Gold selling over 500,00 copies.

48.     Turbo used an extrapolation of Plaintiff's Original Work in "One Call" as an

artistic element and an identifying tagline that marks the recording as a track

produced by Defendant. (See Audio of "One Call" attached hereto as **Exhibit 5**).

49.     Because "One Call" includes Plaintiff's Original Work without his

authorization, any assignment, transfer, or licensure of the song constitutes an

infringement of Plaintiff's copyright and right of publicity.

**"CLOSE FRIENDS"**

50.     "Close Friends" is a song by American rapper Lil Baby. It was released by

YSL, Quality Control, Motown and Capital Records on February 2, 2019, as the

second single from Drip Harder, his collaborative mixtape with Gunna. The song

reached number one on the Billboard Rhythmic Songs airplay chart and was

certified RIAA 5x Platinum selling over 5 million copies.

51.     Turbo used an extrapolation of Plaintiff's Original Work in "Close Friends"

as an artistic element and an identifying tagline that marks the recording as a track

produced by Defendant. (See Audio of "Close Friends" attached hereto as **Exhibit

6**).

52.    Because "Close Friends" includes Plaintiff's Original Work without his authorization, any assignment, transfer, or licensure of the song constitutes an infringement of Plaintiff's copyright and right of publicity.

### "SPEED IT UP"

53.    "Speed it Up" is a song by American rapper Gunna. The track was released by YSL Records, 300 Entertainment and Universal Music Group on October 5, 2018.

54.    Turbo used an extrapolation of Plaintiff's Original Work in "Speed it Up" as an artistic element and an identifying tagline that marks the recording as a track produced by Defendant. (See Audio of "Speed it Up" attached hereto as **Exhibit 7**).

55.    Because "Speed it Up" includes Plaintiff's Original Work without his authorization, any assignment, transfer, or licensure of the song constitutes an infringement of Plaintiff's copyright and right of publicity.

### "WUNNA"

56.     "Wunna" is a song by American rapper Gunna. The track was released by YSL Records, 300 Entertainment and Universal Music Group on May 22, 2020.

57.    Turbo used an extrapolation of Plaintiff's Original Work in "Wunna" as an artistic element and an identifying tagline that marks the recording as a track produced by Defendant. (See Audio of "Wunna" attached hereto as **Exhibit 8**).

58.    Because "Wunna" includes Plaintiff's Original Work without his authorization, any assignment, transfer, or licensure of the song constitutes an infringement of Plaintiff's copyright and right of publicity."

### "SHE BUMPED HER HEAD"

59.    "She Bumped Her Head" is a song by American singer Chris Brown and American rapper Gunna. The track was released on May 5, 2020, on a collaborative commercial mixtape by Chris Brown Entertainment and RCA Records.

60.    Turbo used an extrapolation of Plaintiff's Original Work in "She Bumped Her Head" as an artistic element and an identifying tagline that marks the recording as a track produced by Defendant. (See Audio of "She Bumped Her Head" attached hereto as **Exhibit 9**).

61.    Because "She Bumped Her Head" includes Plaintiff's Original Work without his authorization, any assignment, transfer, or licensure of the song constitutes an infringement of Plaintiff's copyright and right of publicity.

### "BARBIE DRIP"

62.    "Barbie Drip" is a song by Trinidadian rapper Nicki Minaj released on February 2, 2019, which premiered on her Apple Music Beats 1 Radio show and Queen Radio. It contains her rap over the instrumental of Lil Baby and Gunna's

2018 hit, "Drip Too Hard". "Barbie Drip" was released by Young Money, Cash Money Records and Universal Republic.

63.    Turbo used an extrapolation of Plaintiff's Original Work in "Barbie Drip" as an artistic element and an identifying tagline that marks the recording as a track produced by Defendant. (See Audio of "Barbie Drip" attached hereto as **Exhibit 10**).

64.    Because "Barbie Drip" includes Plaintiff's Original Work without his authorization, any assignment, transfer, or licensure of the song constitutes an infringement of Plaintiff's copyright and right of publicity.

65.    In addition to the productions specified herein, Turbo has used the extrapolation of Plaintiff's Original Work in over fifty (50) productions as an artistic element and an identifying tagline that marks the recording as a track produced by Defendant to include:

| Sound Recordings | Performed by |
|---|---|
| Hurry | Lil Baby |
| Almighty | Gunna, Hoodrich Pablo Juan |
| At The Hotel | Gunna, Lil Uzi Vert, Young Jordan |
| Oh Okay | Gunna, Lil Baby, Young Thug |

| | |
|---|---|
| Top Floor | Gunna, Travis Scott |
| Addys | Gunna, Nechie |
| Far | Gunna, Young Thug |
| Off White VLONE | Lil Baby, Gunna, Lil Durk, NAV |
| Business Is Business | Lil Baby, Gunna |
| Belly | Lil Baby, Gunna |
| Style Stealer | Gunna |
| Outstanding | Gunna |
| One Call | Gunna |
| Richard Millie Plain | Gunna |
| Derek Fisher | Gunna |
| Big Shot | Gunna |
| On A Mountain | Gunna |
| Out The Hood | Gunna |
| Same Yung Nigga | Gunna, Playboi Carti |
| Diamonds Dancing | Gunna, Young Thug, Travis Scott, Lil Duke, Lil Keed |
| 4Real | YNW Melly |
| Bank | Lil Baby |

| | |
|---|---|
| Eat | NAV |
| Quarantine Clean | Young Thug, Gunna |
| Moment of Clarity | Future, Lil Uzi Vert |
| Please | Lil Baby, Lil Durk |
| Vetement Socks | NAV |
| Foreign | Bad Hop |
| Emergency | 21 Savage |
| Wat U On | Moneybagg Yo |
| Cruze | NLE Choppa |
| Off the Rip | Hoodrich Pablo, Blockboy JB |
| Roommates | Gunna |
| Stackin' It | Nechie, Gunna |
| Debate | Nechie |
| Scars | Nechie |
| Hard Body | Nechie |
| Tip Top | Lil Keed |
| All Black | G Herbo |
| Explosion | Young Stoner Life, Gunna |
| Safe House | Lil Yachty |

*Britt v. Durham, et. al.*
*COMPLAINT OF COPYRIGHT INFRINGEMENT AND OTHER RELIEF*

| | |
|---|---|
| War | Yung Mal |
| Back to Back | Cheat Code |
| Eye Witness | Kiing Shooter, Dave East |
| Rock Solid | Yak Gotti |
| Lemonade | Yak Gotti |
| In The Coupe | Yak Gotti |
| Prime Tyme | Shy Glizzy |
| Quarterback Glizzy | Shy Glizzy |
| I Can't 4Get | Gunna, UnotheActivist |
| Ice Age | Gunna, UnotheActivist |
| Dust Bunny | UnotheActivist |
| Invisible | Shad da God |
| My Hood | Marlo. Gunna |
| Dope Dealer | Jacquees |
| Murder Me | Shad da God |
| Last of the Real | Jose Guapo |
| Bacc 2 Jail | 03 Greedo |
| Praying to God | 03 Greedo |
| Gucci Socks | Young Jordan |

| | |
|---|---|
| Kick Down Yo Door | MPR Tito |
| Drip Like Leak | Sosamann |
| Dubai Plates | Key Glock |
| No Vest | Brickboydior |
| I Told Em | Lil Gotit |
| Slime Bros | Steelo Steezy |
| On The Run | Steelo Steezy |
| Rose Gold Knife | Steelo Steezy |
| 22 Bands | Dee Money BB4L |
| Lose It | KFP Ken |
| Soldier Mentality | Luh Soldier |
| U Dig | Tray Tray |
| Still the Subject | Strick |
| Tell It How It Is | Lesso |

66.    The Infringing Works, Infringing Sound Recordings, along with the

Infringing Remixes have had worldwide success, generating, upon information and

belief, well in excess of Ten Million Dollars ($10,000,000) in revenue. Its success

is owed in, substantial part, to the unauthorized inclusion of Plaintiff's Original

Work. Defendants are required to expel their gains under the United States

Copyright Act and other applicable, as the success of the Infringing Works,

Infringing Sound Recording, and Infringing Remixes are due primarily to the

unauthorized inclusion of the Original Work.

67.    The overwhelming success of the Infringing Works, Infringing Sound

Recordings, and the Infringing Remixes as set forth above has provided

Defendants substantial opportunities to tour and perform around the world. The

revenue and profits derived from these performances and appearances, among all

other revenue and profits, are directly attributable to the success of the Infringing

Works, Infringing Sound Recordings, and the Infringing Remixes. Thus, the

touring and concert revenue generated by Defendants is casually connected to the

Infringing Work, Infringing Sound Recording, and the Infringing Remixes, such

that the touring revenue, concert revenue, licensing and synchronization revenues,

and related public performance revenue should be disgorged to Plaintiff.

68.    Not only have the Infringing Works, Infringing Sound Recordings, and the

Infringing Remixes been a huge musical success for Defendants, but they have

resulted in touring revenue, artist royalties, licensing revenue, producer royalties,

and songwriting and publishing revenue attributable to the success of the

Infringing Works, Infringing Sound Recordings, and the Infringing Remixes.

69.    All Defendants are responsible in some manner for the events described herein and are liable to Plaintiff for damages available under the Copyright Act and other applicable law.

70.    Defendants are involved with the creation, release, reproduction, distribution, exploitation, licensing, receipt of revenue, and public performance of the Infringing Works and/or Infringing Sound Recordings and/or the Infringing Remixes, which constitutes, among other things, the improper preparation of a derivative work and direct, vicarious, and contributory infringement.

71.    Defendants' acts have been and continue to be willful, knowing, malicious, and perpetrated without regard to Plaintiffs' rights.

## **FIRST CAUSE OF ACTION**

### DECLARATORY JUDGMENT

(By Plaintiff Against All Defendants)

72.    Plaintiff hereby incorporates the allegation set forth above in Paragraphs 1-71, as though fully set forth herein.

73.    The Copyright Act (and 28 U.S.C. section 2201) empowers this Court to declare the ownership rights of parties in and to sound recordings, and any such declaration shall have the force and effect of a final judgment.

74.    Plaintiff made copyrightable contributions to the recordings listed herein.

75.    Plaintiff seeks declaratory judgment that he is the joint author of the sound recordings listed herein.

76.    Plaintiff further seeks a declaration that he, by virtue of his authorship of the jointly created music, owns an undivided share of each of the sound recordings listed herein.

77.    Each of the Defendants have failed to acknowledge Plaintiff's ownership within the sound recordings listed herein. Thus, a justiciable controversy exists between Plaintiff and Defendants concerning their respective rights and duties and is sufficient of immediacy and reality to warrant the issuance of a declaratory judgment.

## SECOND CAUSE OF ACTION

### CLAIM FOR ACCOUNTING

(Plaintiff against all Defendants)

78.    Plaintiff hereby incorporates the allegations set forth above in paragraphs 1-77, as though fully set forth herein.

79.    As joint author/owner of the sound recordings listed herein, Plaintiff is entitled to an accounting of all income made by all Defendants purporting to be joint authors/owners/claimants of the sound recordings from the sale of the sound recordings at issue and from any other use, distribution, or sale of the Plaintiff's songs.

80.    The accounting should list all revenue received by or on behalf of the Defendants in connection with any use, distribution, or sale of each of the sound recordings listed herein, pursuant to which Plaintiff can determine the money rightfully belonging to him.

81.    As a joint author/owner within the sound recordings listed herein, Plaintiff is entitled to all use, sales, or distributions made by or on behalf of Defendants.

## THIRD CAUSE OF ACTION

## COPYRIGHT INFRINGMENT

### (17 U.S.C. §§ 106 and 501)

(By Plaintiff Against Corporate Defendants)

82.    Plaintiff here by incorporate the allegations set forth above in Paragraphs 1-81 as though fully set forth herein.

83.     "The legal or beneficial owner of an exclusive right under a copyright is entitled…to institute an action for any infringement of that particular rights committed while he or she is the owner of it." 17 U.S.C. §501(b).

84.     The sound recordings listed herein were completed with the contributions of Plaintiff as a joint author pursuant to 17 U.S.C. §101, as there was no written work for hire agreement between the parties.

85.    All of the authors who contributed to the sound recordings listed herein, were provided with the intention of having them merged together to achieve the primary significance of completing each work.

86.    Upon information and belief, Defendant Durham purported to have ownership in the songs listed herein and assigned copyright interest to Corporate Defendants.

87.    Joint authors cannot transfer, agree to, and /or license the ability to use the copyrighted work on an exclusive basis to a third party, as it infringes upon the other co-author's exclusive rights to distribute pursuant to 17 U.S.C. §106(3).

88.    Upon information and belief, Defendant Durham entered into agreements purporting transfer or licensed the entire interest in the copyright for the sound recordings listed herein on an exclusive basis to the Corporate Defendants. These transfers and/or licenses effectively infringed upon the Plaintiff's exclusive right to distribute his work to the public by sale or other transfer of ownership. 17 U.S.C. §106(3).

89.    The foregoing acts of infringement committed by Defendant Durham and Corporate Defendants have been willful, intentional, purposeful, and/or with a complete disregard to Plaintiff's copyright and exclusive rights in the sound recordings listed herein.

90.     As a direct and proximate result of Defendants' direct infringement, Plaintiff has suffered severe economic injuries, and is entitled to damages in an amount to be proven at trial. Plaintiff is entitled to recover his actual damages and the gross revenue, income, and/or profits derived by Defendants that are attributable to their infringement of Plaintiff's copyrights and exclusive rights pursuant to 17 U.S.C. §504(b).

91.     Alternatively, Plaintiff may elect to be awarded, and, therefore, is entitled to the maximum amount of statutory damages to the extent permitted by law, pursuant to 17 U.S.C. 504(c), with respect to each sound recording. Such statutory damages will be established at trial.

92.     Further, Plaintiff is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. §505.

## **FOURTH CAUSE OF ACTION**

### **VICARIOUS INFRINGMENT**

(By Plaintiff against Corporate Defendants)

93.     Plaintiff hereby incorporates the allegations set forth above in Paragraphs 92 above, as though fully set forth herein.

94.      A party may be held liable for the infringing acts committed by another if it had the right and ability to control the infringing activities and had a direct

financial interest in such activities, even if the defendant initially lacks knowledge of the infringement.

95.    Defendant Durham became a direct infringer upon Plaintiff's copyright interests by exclusively transferring, licensing, and/or contracting the sound recordings to Corporate Defendants.

96.    Corporate Defendants had the ability to manage, supervise, and/or control the unlawful and infringing conduct identified herein by Defendant Durham by means of the exclusive transfer and/or license agreements made with him.

97.    Corporate Defendants had the right and ability to prevent the: manufacturing, distributing, using, commercializing, selling, and otherwise exploiting the sound recordings listed herein without Plaintiff's written authorization or consent; (ii) inducing and/or causing various third parties including, but not limited to, various television and radio stations to broadcast, publicly perform, and otherwise exploit the sound recordings without Plaintiff's written authorization or consent; (iii) unlawful profiting from the unauthorized manufacturing, distribution, use, commercialization, sale, broadcasting, public performance, and other exploitation of the sound recordings; and (iv) depriving Plaintiff of substantial income directly and/or indirectly related to the exploitation of the sound recordings.

98.    Corporate Defendants had a direct financial interest in the infringing acts of Defendant Durham.

99.    Corporate Defendants attained substantial financial benefit from the infringing conduct of Defendant Durham.

100.    Corporate Defendants, by and through the infringing acts of Defendant Durham, vicariously infringed Plaintiff's copyrights and exclusive rights in the sound recordings listed herein in violation of the Copyright Act 17 U.S.C. §§ 106, 115, and 501.

101.    As a direct and proximate result of Corporate Defendants' vicarious infringement, Plaintiff has suffered severe economic injuries, and is entitled to damages in an amount to be proven at trial. Plaintiff is entitled to recover his actual damages and the gross revenue, income and/or profits derived by Corporate Defendants that are attributable to their infringement of Plaintiff's copyrights and exclusive rights pursuant to 17 U.S.C. §504(b).

102.    Alternatively, Plaintiff may elect to be awarded, and, therefore, is entitled to the maximum amount of statutory damages, to the extent permitted by law, pursuant to 17 U.S.C. §504(c), with respect to each sound recording. Such statutory damages will be established at trial.

103.    Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17 U.S.C. §505.

## <u>FIFTH CAUSE OF ACTION</u>

## <u>FALSE DESIGNATION OF ORIGIN UNDER LANHAM ACT</u>

## <u>(15 U.S.C. 1125(a))</u>

104.    Plaintiff hereby incorporates the allegations set forth above in Paragraphs 1-103 above, as though fully set forth herein.

105.    Any person who, or in connection with any goods or services, uses in commerce any word, name, term, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact with is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval or his or her goods, service, or commercial activities by another person … shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act. <u>15 U.S.C.A. §1125</u>.

106.    Upon information and belief, Defendant Durham has registered the Plaintiff's phrase, "Run that back Turbo," as a trademark with the United States Patent and Trademark Office.

107.    Both Plaintiff and Defendant Durham provide musical works to recording artists, record companies, and other entities that distribute music to the public.

108.     By attaching Plaintiff's recorded voice to the sound recordings listed herein, Defendant Durham has created a likelihood of confusion as to the origin of the sound recordings listed herein.

## SIXTH CAUSE OF ACTION

## MISREPRESENTATION OF FACT

## (O.C.G.A. § 51-6-2)

(By Plaintiff against Defendant Durham)

109.     Plaintiff hereby incorporates the allegations set forth above in Paragraphs 1-108 above, as though fully set forth herein.

110.      Under information and belief, Defendant Durham made false representations to the Corporate Defendants and other entities that he sold or licensed copyright interest in the sound recordings to that the use of Plaintiff's copyrighted work did not violate any party's rights.

111.      By intentionally omitting Plaintiff as a joint author/owner of the sound recordings listed herein, Defendant Durham received substantial statutory mechanical royalties and public performance royalties related to the exploitation of the sound recordings listed herein.

112.     As a direct result of the fraudulent conduct committed by Defendant Durham, Plaintiff has suffered severe economic injuries and is entitled to

recover an award for his actual and compensatory damages in an amount to be determined at trial.

113.    Plaintiff is further entitled to an award of exemplary and punitive damages against Defendant Durham in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### UNJUST ENRICHMENT

(Plaintiff against all Defendants)

114.    Plaintiffs hereby incorporate the allegations set forth above in Paragraphs 1-113 as though fully set forth herein.

115.    Upon information and belief, Corporate Defendants received a substantial economic benefit from the use of Plaintiff's copyrighted material and were unjustly enriched as a result of the sound recordings' distribution, use, commercialization, sale, broadcasting, public performance, synchronization, and other exploitation of the sound recordings listed herein.

116.    Upon information and belief Defendant Durham received substantial economic benefit from the use of Plaintiff's recorded voice, as it has become an identifier for his various productions.

117.    As a joint author/owner of the sound recordings listed herein, Plaintiff is entitled to receive (i) equal share of all public performance income generated by the exploitation of the sound recordings; (ii) mechanical royalties paid

and/or due and payable for the sound recordings as a result of their distribution, sale, and other exploitation; (iii) "Producer" credit for the sound recordings listed herein; and (iv) any and all other statutory royalties and customary renumeration paid to an author.

118.    The total amount of income, monies, royalties and other renumeration Plaintiff is reasonably entitled to receive from all Defendants, as a result of Plaintiff's copyrightable contributions to the sound recordings listed herein, will be established at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for Judgment as follows:

1.    For a declaration that Jamal Britt is a co-author and co-owner of the sound recordings listed herein.

2.    For a declaration that all agreements granting the sole and/or exclusive rights under any transfers, licenses, songwriter co-publishing, and/or producer agreements made in regard to the sound recording be deemed invalid.

3.    For an order requiring all Defendants to submit to an accounting allowing the Plaintiff to determine the amount of money he is owed by virtue of his co-ownership of the Copyright in each of the sound recordings listed

herein, which monies were wrongfully claimed and collected by or on behalf of the Defendants listed.

4.      For an award of damages, including actual damages and any gains, profits, and advantages obtained by Defendant Durham as a result of his acts of infringement in an amount according to proof at trial.

5.      For an award of damages, including actual damages and any gains, profits, and advantages obtained by Corporate Defendants as a result of their acts of infringement according to proof at trial.

6.          For an award of damages, including actual damages and any gains, profits, and advantages obtained by Corporate Defendants as a result of their acts of vicarious infringement.

7.      For an award of damages, including actual damages and any gains, profits, and advantages obtained by Defendants as a result of their acts of false designation of origin.

8.      For an award of damages, including actual, statutory, compensatory, and such other and further relief as the Court deems appropriate and just.

9.      For an award of damages, including actual, statutory, compensatory, consequential, and exemplary, costs of this action, and such other and further relief as the Court deems appropriate and just.

10.    For all costs of suit and attorney's fees incurred herein, including,

without limitation, pursuant to <u>17 U.S.C. §505</u>;

11.    For prejudgment interest at the legal rate;

12.    For Plaintiff to be awarded actual, general, punitive, and damages

from Defendants in amount to be determined at trial; and

13.    For such other and further relief as the Court deems just and proper.

Respectfully submitted this <u>9</u><sup>th</sup> day of <u>January</u> 2024.

/s/ Precious Felder Gates
_____
**Precious Felder Gates**
Georgia Bar No. 648264

**THE LAW OFFICES OF PRECIOUS FELDER, LLC**
**d/b/a ENT LEGAL**
3355 Lenox Rd., NE, Suite 410
Atlanta, GA 30326
(404) 355-9400
pfelder@entlegalatl.com

/s/ Thomas Reynolds
_____
**Thomas Reynolds**
State Bar No. 778864

**REYNOLDS LAW GROUP**
3390 Peachtree Road
Suite 1100
Atlanta, Georgia 30326
Treynolds@thomasreynoldslaw.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(B)

I hereby certify that the foregoing Complaint has been prepared in a Times New

Roman 14-point font, one of the fonts and point selections approved by the Court

in Local Rule 5.1(C).