# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**JAMAL BRITT**

                Plaintiff,

v.

**CHANDLER DURHAM p/k/a
TURBO a/ka/ TURBO THE GREAT,**
***et. al.***

                Defendants.

**CASE NO. 1:24-cv-00118-MLB**

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

Precious Felder Gates
Georgia Bar No. 648264

THE LAW OFFICES OF
PRECIOUS FELDER, LLC
d/b/a ENT LEGAL
3355 Lenox Rd., NE, Suite 410
Atlanta, GA 30326
(404) 355-9400
pfelder@entlegalatl.com
*Attorney for Plaintiff*

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................... i

TABLE OF AUTHORITIES ......................................................................... iii

INTRODUCTION ....................................................................................... 1

ARGUMENT & CITATION OF AUTHORITY ............................................. 3

I.    MOTION TO DISMISS STANDARD ...................................................... 3

II.   PLAINTIFF HAS SUFFICIENTLY ALLEGED JOINT AUTHORSHIP IN
      THE ACCUSED WORKS ..................................................................... 4

      A.   Britt and Turbo are joint authors in the Original Work. ............................. 4

      B.   The Accused Works are not Derivative Works because they are not, as a
           whole, original works of authorship. ........................................................ 6

      C.   Turbo did not have the right to license the Original Work without Britt's
           prior authorization. ................................................................................... 7

III.  PLAINITFF'S CLAIMS ARE NOT BARRED BY THE STATUTE OF
      LIMITATIONS ...................................................................................... 9

IV.  PLAINTIFF HAS SUFFICIENTLY PLEAD FOR A REVERSE PALMING

OFF UNDER SECTION 43(A) OF THE LANHAM ACT ................................. 11

V.  PLAINTIFF HAS SUFFICIENTLY PLEAD ALLEGATIONS IN SUPPORT

OF THE STATE LAW CLAIMS ................................................................. 13

A.  Plaintiff is entitled to an accounting of any licensed copyright of the

Original Work. ..........................................................................13

B.  Plaintiff states a claim for fraud because Turbo intentionally omitted and

concealed the use of Plaintiff's voice. ........................................13

C.  Plaintiff has sufficiently alleged an action of unjust enrichment as an

alternative. ...............................................................................15

D.  Plaintiff's right of publicity claim is not preempted by the Copyright Act.

...............................................................................................15

CONCLUSION ................................................................................ 16

## TABLE OF AUTHORITIES

### Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................3

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) ..........................................................3

*Burruss v. Zolciak-Biermann*, 2013 U.S. Dist. LEXIS 147236 (N.D. Ga. Oct. 11, 2013) ...................................................................................................................9

*Cambridge Univ. Press v. Becker*, 863 F. Supp. 2d 1190 (N.D. Ga. 2012) ........8, 13

*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003)........ 11, 12

*Del Monte Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F. Supp. 2d 1271 (S.D. Fla. 2001) .................................................................................................................11

*Downing v. Abercrombie & Fitch*, 265 F.3d 994 (9th Cir. 2001) ...........................15

*Ga.-Carolina Brick & Tile Co. v. Brown*, 153 Ga. App. 747 (1980) ......................14

*Hermosilla v. Coca-Cola Co.*, 717 F. Supp. 2d 1297 (S.D. Fla. 2010) ................7, 8

*Hustlers, Inc. v. Thomasson*, No., 2004 U.S. Dist. LEXIS 27558 (N.D. Ga. Dec. 29, 2004) .......................................................................................................... 11, 12

*Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224 (11th Cir. 2010) ...............................7

*Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974 (11th Cir. 1985) ........................4

*Martin Luther King, Jr., Center for Soc. Change, Inc. v. Am. Heritage Prods., Inc.*, 250 Ga. 135 (1982) ..............................................................................................15

*Montgomery v. Noga*, 168 F.3d 1282 (11th Cir. 1999) ...........................................12

*Morris v. Sakar Int'l, Inc.*, 2012 U.S. Dist. LEXIS 203097 (N.D. Ga. June 11, 2012) .................................................................................................................15

*Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1330 (11th Cir. 2023) .........9
*Netzer v. Continuity Graphic Assocs.*, 963 F. Supp. 1308 (S.D.N.Y. 1997) .......9, 10

*Palladium Music, Inc. v. EatSleepMusic*, Inc., 398 F.3d 1193 (10th Cir. 2005) .......7

*Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014) ................................9

*Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989 (11th Cir. 1983) ...........................................................4

*Quinn v. Powell*, 2022 U.S. Dist. LEXIS 94379, (N.D. Ga. May 25, 2022) .........4, 5

*Raucci v. Candy & Toy Factory*, 145 F. Supp. 3d 440 (E.D. Pa. 2015) ..................11

*Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247 (7th Cir. 1994) .................................................................................................................4

*Schmidt v. Skolas*, 770 F.3d 241 (3d Cir. 2014) .....................................................11

*Stephens v. Clash*, 796 F.3d 281 (3d Cir. 2015) .....................................................10

*Thomson v. Larson*, 147 F.3d 195 (2d Cir. 1998) .....................................................5

*Warner Chappell Music, Inc. v. Nealy*, 144 S. Ct. 1135 (2024) ...............................9

*Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d 38 (1st Cir. 2008) ...........10

*Weissmann v. Freeman*, 868 F.2d 1313 (2d Cir. 1989) .............................................8

*Woodson v. Atl. City Bd. of Educ.*, 2020 U.S. Dist. LEXIS 238373 (D.N.J. Dec. 18, 2020) .................................................................................................................11

*Zone 4, Inc. v. Brown*, 2019 U.S. Dist. LEXIS 226524 (N.D. Ga. June 12, 2019) .14

## **Statutes**

17 U.S.C. § 101 ................................................................................4, 6

17 U.S.C. § 201(a) ...............................................................................4

17 U.S.C. §507(b) ................................................................................9

O.C.G.A. § 51-6-2(a) .........................................................................13

## **Rules**

Fed. R. Civ. P. 12(b)(6).......................................................................3

Fed. R. Civ. P. 8(d) ...........................................................................15

Fed. R. Civ. P. 9(b) ...........................................................................13

## **Treatises**

1 Nimmer on Copyright .....................................................................4, 8

## INTRODUCTION

This case is at the motion to dismiss stage; thus, Plaintiff's First Amended Complaint's (hereinafter "FAC") allegations must be taken as true and construed in the light most favorable to the Plaintiff. Defendant simply cannot satisfy the exceedingly high motion to dismiss standard because, as set forth below, the FAC far exceeds the "plausibility" standard for each of Plaintiff's claims. Plaintiff, Jamal Britt (hereinafter, "Britt" or "Plaintiff") is a hip-hop recording artist, musician, and entertainer. Defendant, Chandler Durham is a hip-hop music producer, who's producer name is publicly known as "Turbo." In 2017, Turbo produced the musical track for Britt's performance of hip-hop lyrics. Britt is the original creator of the lyrics and musical elements therein of the song entitled "Afghanistan" (hereinafter the "Original Work").  As the original creator of the musical track, Plaintiff seeks declaratory relief on whether Turbo is a joint author of the Original Work. The Original Work has been registered with the U.S. Copyright Office as of May 30, 2023, Registration No. SRu 1-544-194.

The Original Work contains the rap performance by Britt, including Britt's original lyrics and vocalization of "Run That Back Turbo." Britt has not relinquished any rights to Turbo and the parties have not entered into any agreements. Turbo has elevated his career and has since written or co-written

approximately one hundred published music productions including the extrapolated "Run That Back Turbo" from Britt's Original Work (generally and collectively referred to hereafter as the "Accused Works"). Turbo has licensed Turbo's copyright share of the Original Work without Britt's consent and without compensation to Britt. Defendant's Motion to Plaintiff's First Amended Complaint (hereafter "Motion") alleges that "[t]here are no musical elements to the 'Tag'; it is simply vocalization of the four words." Defendant's assertion not only lacks requisite theoretical support but is itself misplaced. In addition to simply just being a disputed question of fact, Defendant's Motion also does not include the support of any musicologist to ground its theories. Nonetheless, Defendant's Motion does not require this Court to determine the issue of Britt's copyrightable protection of the Original Work at this time.

Defendant's Motion argues that "Turbo exercised his right to license the Tag on a 'non-exclusive basis' and/or create derivative works." Defendant's Motion fails because the allegation that Turbo has *only* licensed his productions, including the sample of the Original Work, "non-exclusively" is a disputed question of fact. Defendant further argues that Turbo's works are at best "derivative works." Plaintiff disagrees as Turbo's works are not, as a whole, original works of authorship. Britt seeks to assert his right to copyright ownership in, at minimum,

his share of the Original Work that has been infringed upon. Britt contends that the music and lyrics "Run That Back Turbo" were originally created by him and have been used prevalently without consent, including his voice.

Should the Court determine that Britt and Turbo are, in fact, joint authors of the Original Work, Plaintiff seeks an accounting from the Defendant, allowing the Plaintiff to determine the amount of money he is owed by virtue of his co-ownership of the copyright in and to the Accused Works. Plaintiff further seeks damages for the infringement of his copyright, for Turbo's false designation of origin, for violating his right of publicity and for the Defendant's unjust enrichment.

## ARGUMENT & CITATION OF AUTHORITY

### I.   MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atlantic v. Twombly*, 550 U.S. 544, 556

(2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See *Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

## II.    PLAINTIFF HAS SUFFICIENTLY ALLEGED JOINT AUTHORSHIP IN THE ACCUSED WORKS

### A. Britt and Turbo are joint authors in the Original Work.

The Copyright Act considers a "joint work" an inseparable "unitary whole." 17 U.S.C. § 101. Authors of a joint work "are [co-owners] of copyright in the work" 17 U.S.C. § 201(a). Each joint author therefore "automatically acquires an undivided ownership in the entire work." 1 Nimmer on Copyright § 6.03 (2024). The Copyright Act defines "joint work" as "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." *Quinn v. Powell*, 2022 U.S. Dist. LEXIS

94379, at *4-5 (N.D. Ga. May 25, 2022). Co-owners to a joint work are "treated generally as tenants in common, with each [co-owner] having an independent right to use or license the use of a work." *Id.*

Plaintiffs asserting a co-authorship claim "bear the burden of establishing that each of the putative co-authors (1) made independently copyrightable contributions to the work; and (2) fully intended to be co-authors." *Id.* quoting *Thomson v. Larson*, 147 F.3d 195, 200 (2d Cir. 1998). "[A]n inquiry into how the putative joint authors regarded themselves in relation to the work has previously been part of [the] approach in ascertaining the existence of joint authorship." *Id.* "[I]n many instances, a useful test will be whether, in the absence of contractual arrangements concerning listed authorship, each participant intended that all would be identified as co-authors." *Id.* But it is also clear that the intention standard is not strictly subjective. In other words, co-authorship intent does not turn solely on the parties' own words or professed state of mind. *Id.* It is true that, a specific finding of mutual intent remains necessary. *Id.* at 202.

As an initial matter, *Quinn* is disguisable from the facts in this case. In *Quinn*, the Plaintiff recorded a song entitled "Back N Forth." The Defendant, rerecorded his own vocals of the hook in Back N Forth on a new beat and called the new recording "Smile." Quinn sought declaratory relief as to its joint

authorship in the new recording. This Court, when deciding the sole issue of joint authorship in the new recording (not the original recording), found that Quinn failed to allege that the parties intended to be joint authors in the new recording. In this case, Britt clearly alleges that the parties are joint owners of the Original Work as both have made significant independently copyrightable contributions to the Original Work. Notably, in *Quinn*, this Court found that the "Plaintiffs adequately plead that Quinn and Sium each made independently copyrightable contributions to Back N Forth." The issue of whether the parties intended to be co-authors in Back N Forth was indisputable.

Britt has sufficiently stated a basic claim that the parties are joint authors in the Original Work and further seeks declaratory relief regarding joint authorship of the Accused Works. See FAC ¶ 28 and 35. As argued hereinbelow, unlike the facts in *Quinn*, Turbo did not "rerecord" the snippet from the Original Work. Turbo has extrapolated Britt's recording, as is, and included it in each of the Accused Works.

### B. The Accused Works are not Derivative Works because they are not, as a whole, original works of authorship.

"A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a 'derivative work'." 17 U.S.C. § 101. Under 17 U.S.C. § 101, a derivative work must

incorporate a substantial element of a preexisting work of authorship and recast, transform, or adapt those elements. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233-34 (11th Cir. 2010). The Accused Works do not revise, annotate, elaborate or otherwise modify Britt's original work of authorship and thus, the Accused Works cannot be derivative works under the Copyright Act. Defendant's Motion mistakenly relies on *Quinn*, which again, is distinguishable from the facts here because Turbo did not "rerecord" and modify the snippet from the Original Work. Turbo's use of the snippet from the Original Work is an exact replica in each of the Accused Works.

### C. Turbo did not have the right to license the Original Work without Britt's prior authorization.

Even assuming arguendo, that the Accused Works are derivative works, a copyright holder can typically obtain a copyright in a derivative work when the derivative work was created lawfully. *Hermosilla v. Coca-Cola Co.*, 717 F. Supp. 2d 1297, 1305 (S.D. Fla. 2010), see also *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1197 (10th Cir. 2005) (noting work can be copyrighted as a derivative work "if the new work was produced with the permission of the copyright owner of the preexisting work"). "Even though one co-author has the right to revise a joint work in order to create an individual derivative work, the

other co-author acquires no property rights in the newly created work prepared

without his involvement" if the other co-author author gives permission.

*Weissmann v. Freeman*, 868 F.2d 1313, 1318 (2d Cir. 1989); *Hermosillia* at 1305.

Furthermore, each joint owner may exploit the subject work and must

correspondingly account to his fellow joint owners for such uses. 1 Nimmer on

Copyright § 6.10 (2024). For a license from one joint owner to constitute a valid

defense, the subject exploitation must come within the scope of the license. *Id.*

Vast confusion arises as to the status of licenses from joint owners. *Id.* It is

necessary to take special care to distinguish grants of nonexclusive rights and those

that convey exclusive rights. *Id*. The determination of whether a grant is exclusive

or non-exclusive depends on the grant. *Id*. "[O]ne joint author may *properly*

license the copyright in a joint work to a third party." *Cambridge Univ. Press v.*

*Becker*, 863 F. Supp. 2d 1190, 1257 (N.D. Ga. 2012) (emphasis added). "Joint

authors co-owning copyright in a work 'are deemed to be tenants in common,' with

'each having an independent right to use or license the copyright, subject only to a

duty to account to the other co-owner for any profits earned thereby.'" *Id.*

Here, Plaintiff contends he did not grant Turbo permission to license the

Original Work or any portion therefrom and thus,  Turbo did not and could not

properly (and lawfully) license the Original Work to any third-party licensees.

Defendant's mere allegation that Turbo has licensed the Original Work non-exclusively is a material factual issue in dispute and, what is more, it is Plaintiff's assertion that any third-party licensees have directly infringed upon Plaintiff's copyright.

## III.    PLAINITFF'S CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS

The Copyright Act's statute of limitations provides that a copyright owner must bring an infringement claim within three years of its accrual. 17 U.S.C. §507(b). On one understanding of that limitations provision, a copyright claim "accrue[s]" when "an infringing act occurs." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 (2014). But under an alternative view of the Act's limitations provision, a claim accrues when "the plaintiff discovers, or with due diligence should have discovered," the infringing act. *Warner Chappell Music, Inc. v. Nealy*, 144 S. Ct. 1135 (2024). Under our precedent, where the "gravamen" of a copyright claim is ownership, the discovery rule dictates when a copyright plaintiff's claim accrues. *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1330 (11th Cir. 2023). Under the discovery rule, a copyright ownership claim accrues, and therefore the limitations period starts, "when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his ownership rights." *Id*. "An express

9

assertion of sole authorship or ownership will start the copyright statute of limitations running." *Burruss v. Zolciak-Biermann*, 2013 U.S. Dist. LEXIS 147236, at *13 n.7 (N.D. Ga. Oct. 11, 2013) quoting *Netzer v. Continuity Graphic Assocs.*, 963 F. Supp. 1308, 1315 (S.D.N.Y. 1997).

Equitable estoppel may toll a statute of limitations where the plaintiff knew of the existence of his cause of action, but the defendant's misconduct caused him to delay in bringing suit. *Netzer* at 1316. Under the equitable tolling doctrine, on the other hand, a statute of limitations does not run against a plaintiff who was justifiably ignorant of his cause of action. *Id.*

Plaintiff's FAC does not state the date that the Plaintiff discovered each infringement. Plaintiff explicitly alleges, however, that he was "never been given notice that his voice was being used, that he was never properly credited for his contributions, and was never properly compensated…" FAC ¶ 33. Additionally, Defendant does not provide any evidence to suggest when Plaintiff should have discovered the infringing act. Courts have acknowledged "that determining when a reasonable person would have become aware of a copyright infringement is a fact-sensitive enterprise." *Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d 38, 44 (1st Cir. 2008); *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015) ("[F]ederal courts 'may not allocate the burden of invoking the discovery rule in a way that is

inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense."') (quoting *Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014)); see also *Woodson v. Atl. City Bd. of Educ.*, 2020 U.S. Dist. LEXIS 238373, at *12 (D.N.J. Dec. 18, 2020) stating that " [i]n fact, only where the facts are so clear that reasonable minds cannot differ may the commencement of the limitations period be determined as a matter of law" quoting *Raucci v. Candy & Toy Factory*, 145 F. Supp. 3d 440, 448 (E.D. Pa. 2015). Thus, Plaintiff's claims should not be barred as to any of the Accused Works, simply by Defendant's assertions of the release dates.

## IV.    PLAINTIFF HAS SUFFICIENTLY PLEAD FOR A REVERSE PALMING OFF UNDER SECTION 43(A) OF THE LANHAM ACT

Two types of activities are prohibited by section 43(a) of the Lanham Act: (1) false advertising and "palming off" when the defendant misrepresents its product as coming from the plaintiff, and (2) "reverse palming off" when the defendant misrepresents the plaintiff's product as its own. *Hustlers, Inc. v. Thomasson*, No., 2004 U.S. Dist. LEXIS 27558, at *5 (N.D. Ga. Dec. 29, 2004) citing *Del Monte Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F. Supp. 2d 1271, 1284 (S.D. Fla. 2001) and *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 27 n.1 (2003). In order to establish a claim of reverse palming off, a

plaintiff must prove: (1) that the goods at issue originated with the plaintiff; (2) that the origin of the product was falsely designated by the defendant; (3) that the false designation of origin was likely to cause consumer confusion; and (4) that the plaintiff was harmed by the defendant's false designation of origin. *Hustlers, Inc.* at 6. "[O]rigin" refers to "that from which anything primarily proceeds; source," and "goods" are "wares; merchandise." *Id.* at 7 citing *Dastar* at 31.

The act of placing a copyright notice on an infringing product can be a false designation of origin under section 43(a). See *Montgomery v. Noga*, 168 F.3d 1282, 1298 (11th Cir. 1999). In *Montgomery*, the Court noted many courts that have disagreed with the conclusion that the act of placing a copyright notice on an infringing product cannot be false designation of origin. *Id*. The Court held that where a CD help menu that referred to Plaintiff's product was not merely copyrighted by the defendants and Defendant actually stated that they "owned" the menu, the claim of ownership was sufficient to allow Montgomery to state a claim against the defendants under section 43(a) for false designation of origin. *Id.* at 1298-1299.

The entire premise of Plaintiff's claim is that Turbo has falsely represented the origin of the recording, "Run That Back Turbo," that the false designation is likely to cause confusion and that he has been harmed by the false designation.

12

Plaintiff has sufficiently plead allegations to sustain on a Motion to Dismiss regarding his false designation of origin claim. FAC ¶ 35, 37, 38, 39, 106, 107 and 108.

## V.    PLAINTIFF HAS SUFFICIENTLY PLEAD ALLEGATIONS IN SUPPORT OF THE STATE LAW CLAIMS

### A. Plaintiff is entitled to an accounting of any licensed copyright of the Original Work.

"Joint authors co-owning copyright in a work 'are deemed to be tenants in common,' with 'each having an independent right to use or license the copyright, subject only to a duty to account to the other co-owner for any profits earned thereby.'" *Cambridge Univ. Press v. Becker*, at 1257. As contended hereinabove, Plaintiff has sufficiently plead joint authorship and is thus entitled to an accounting of any income made by all Defendants.

### B. Plaintiff states a claim for fraud because Turbo intentionally omitted and concealed the use of Plaintiff's voice.

The tort of fraud has five elements: (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages. O.C.G.A. § 51-6-2(a). Federal Rule of Civil Procedure 9(b) requires a litigant to "state with particularity the circumstances constituting fraud or mistake," although "[m]alice,

intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), a claimant must allege (1) the precise statements, documents, misrepresentations, or omissions made; (2) the time, place, and person responsible for the statement or omission; (3) the content and manner in which these statements misled the claimant; and (4) what the defendant obtained as a result of the fraud. *Zone 4, Inc. v. Brown*, 2019 U.S. Dist. LEXIS 226524, at *7 (N.D. Ga. June 12, 2019).

"Concealment of material facts may amount to fraud when direct inquiry is made, and the truth evaded, or where the concealment is of intrinsic qualities of the article which the other party by the exercise of ordinary prudence and caution could not discover." *Ga.-Carolina Brick & Tile Co. v. Brown*, 153 Ga. App. 747, 755 (1980). "The purpose of Rule 9(b) is to alert defendants to the precise misconduct with which they are charged and protect defendants against spurious charges." *Zone 4, Inc.* at 9.

Here, Turbo intentionally omitted Britt as a joint owner/owner of the Original Work's "Run That Back Turbo," and intentionally failed to provide Britt with notice of the use of his voice in the Accused Works, in furtherance of Turbo's own professional career as an entertainer and music producer. Plaintiff alleges and contends that the concealment is of intrinsic qualities which, by the exercise of

14

ordinary prudence and caution, he could not discover. FAC ¶ 29, 30, 31, 33, 111 and 112.

### C. Plaintiff has sufficiently alleged an action of unjust enrichment as an alternative.

Federal Rule of Civil Procedure 8(d) allows pleading in the alternative, even if the theories are inconsistent. Plaintiff has sufficiently alleged an action for unjust enrichment in the alternative. Fed. R. Civ. P. 8(d). Plaintiff avers that if the Court finds that they do not have a copyright claim, then their claim of unjust enrichment would not be preempted. Plaintiff contends that the Court should preserve his alternative claim of unjust enrichment as to Defendant Turbo.

### D. Plaintiff's right of publicity claim is not preempted by the Copyright Act.

Georgia courts have long recognized "the appropriation of another's name and likeness, whether such likeness be a photograph . . ., without consent and for the financial gain of the appropriator" as a tort. *Morris v. Sakar Int'l, Inc.*, 2012 U.S. Dist. LEXIS 203097, at *12 (N.D. Ga. June 11, 2012) quoting *Martin Luther King, Jr., Center for Soc. Change, Inc. v. Am. Heritage Prods., Inc.*, 250 Ga. 135, 143 (1982). "The subject matter of [the plaintiffs'] statutory and common law right of publicity claims is their names and likenesses. A person's name or likeness is not a work of authorship within the meaning of 17 U.S.C. § 102." *Id.* quoting *Downing*

15

*v. Abercrombie & Fitch*, 265 F.3d 994, 1000 (9th Cir. 2001). Here, Plaintiff asserts that Turbo unlawfully exploited Plaintiff's name and likeness in the Accused Works and that Plaintiff's name and likeness is not a work of authorship within the meaning of 17 U.S.C. § 102 and therefore, should not be preempted by the Copyright Act. See FAC ¶ 31, 33, 108, 116 and 120. Plaintiff furthermore contends that this Court preserving his right of publicity claim as an alternative pleading, does not unduly prejudice Turbo or the remaining Defendants

## **CONCLUSION**

Based on the argument and citations of authorities hereinabove, Plaintiff respectfully requests that the Court deny Defendant's Motion in its entirety.

Respectfully submitted this 28th day of May 2024.

/s/ Precious Felder Gates

**Precious Felder Gates**
Georgia Bar No. 648264
*Attorney for Plaintiff*

16

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(B)**

I hereby certify that the foregoing Complaint has been prepared in a Times New Roman 14-point font, one of the fonts and point selections approved by the Court in Local Rule 5.1(C).

/s/ Precious Felder Gates

**Precious Felder Gates**
Georgia Bar No. 648264
*Attorney for Plaintiff*

17